**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pedro GARCIA-BANOS, a.k.a. Pedro Banos-Garcia, Defendant-Appellant.**

**Nos. 16-10480, 16-10481**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2017 *

Filed October 27, 2017

Margaret Perlmeter, USPX—Office of the US Attorney, Phoenix, AZ, for Plaintiff-Appellee

Joseph A. Duarte, Trial Attorney, Joseph A. Duarte, Attorney at Law, Phoenix, AZ, for Defendant-Appellant

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Pedro Garcia-Banos appeals the 70-month sentence imposed following his guilty plea to reentry of a removed alien, in violation of 8 U.S.C. § 1326, and consecutive 21-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Garcia-Banos contends that the district court failed to appreciate its discretion to impose a partially concurrent sentence. At sentencing, Garcia-Banos requested that the court run his sentences partially concurrently. The government responded that it doubted the lawfulness of a partially concurrent sentence. The court did not resolve the dispute so we cannot determine whether the district court understood its discretion to impose a partially concurrent sentence. See U.S.S.G. § 5G1.3(d) & cmt. n.4(C) (district court may impose sentence on a new offense to run consecutively,

concurrently, or partially concurrently to undischarged term of imprisonment resulting from revocation of supervised release). Under these circumstances, we vacate Garcia-Banos's sentence and remand for resentencing. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

**VACATED and REMANDED for resentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.